## FRIGIDAIRE SALES CORPORATION v. ELLA T. PENDERGAST.[1]

January 8, 1932.

No. 28,669.

*Timerman & Vennum,* for appellant.
*Chester W. Johnson* and *Dan J. O'Connell,* for respondent.

HILTON, J.

Plaintiff appeals from an order denying its motion for a new trial.

Plaintiff is a corporation engaged in the sale of Frigidaire refrigerator units or machines in the city of Minneapolis. Defendant and her son, John Pendergast (hereinafter referred to as Pendergast) were separately engaged in building dwellings in the city of Minneapolis for sale; they were not in partnership. Each had from time to time bought such machines from plaintiff, dealing through one Jefferson, who was plaintiff's sales manager.

In the fall of 1928 Jefferson called upon Pendergast and advised him that plaintiff had a bargain machine which could be bought for $175, including its installation; it was one that had been taken back and was being reconditioned. Pendergast agreed to buy it and paid Jefferson $25 down, the balance to be paid when the machine was installed.

[1]Reported in 240 N. W. 119.

In April, 1929, defendant had finished the excavation for a dwelling house at 4605 Browndale avenue, Minneapolis. Solicited by Jefferson, she gave plaintiff a written order for a machine to be installed in the dwelling when completed. The order did not describe the machine; the understanding was that its description could later be inserted. The price stated in the order was $212.50. No installation order therefor was ever given by defendant.

Jefferson frequently importuned Pendergast to pay up the $150 balance and to have the machine installed, but he was not ready to do so. In June, 1929, defendant was in her son's office; Jefferson appeared, and there it was mutually agreed by the three parties that plaintiff should substitute the machine that the son had agreed to buy in place of the $212.50 one. Defendant was relieved from any obligation under the April order. Both the $25 and the $150 payments were received and retained by plaintiff.

Plaintiff installed a machine in the Browndale avenue dwelling; it is claimed by plaintiff that it was a $212.50 machine. If such it was, defendant had no knowledge thereof and had not consented thereto. Several months after the installation of the machine defendant sold the premises. None of the witnesses knew what became of the $175 machine.

Plaintiff sued to recover $212.50 for goods, wares, and merchandise sold and delivered. A proper defense was interposed. The case was tried to the court without a jury and judgment ordered in favor of defendant. The findings of the court recited in substance the agreement made in April, 1929, between plaintiff and defendant, and the substitution agreement between the parties hereto of June, 1929, and the payment by defendant to plaintiff of the balance of the agreed price. The assignments of error are that the findings of fact (specifically mentioned) are contrary to law and to the evidence. The evidence sufficiently supported the findings.

Plaintiff contends that Jefferson as agent acted without the scope of his authority and that his acts are not binding upon it. This position, on the record, is not tenable. The evidence amply warranted the conclusion that Jefferson was plaintiff's duly authorized

and acting agent in the transaction in question and acted within the scope of his authority. The office manager of plaintiff and a Mr. Deacon, who was assistant office manager and credit manager, as well as Jefferson, knew of the transaction. Deacon gave instructions for the installation of the machine. If a machine other than the one bought and paid for was installed in defendant's building, it was not her fault. The two machines looked alike; they could not be told apart by an average person; defendant thought she was getting the one she had paid for; there was nothing indicating to the contrary. Plaintiff is not entitled to recover in this action; the facts are against it; the decision of the trial court was correct.

Affirmed.